J-A25018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SAMER KOBEISSI | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHIPWIRE, INC. D/B/A INGRAM | : | No. 2789 EDA 2024 |
| MICRO COMMERCE AND | : | |
| FULFILLMENT SOLUTIONS, AND | : | |
| INGRAM MICRO, INC., F & E | : | |
| TRANSPORT LLC, AND JOHN DOES | : | |
| (1-10) | : | |

Appeal from the Judgment Entered November 22, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  211201977

BEFORE:   LAZARUS, P.J., BOWES, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED JANUARY 23, 2026**

Samer Kobeissi ("Plaintiff") appeals from the judgment entered after a jury awarded Plaintiff economic and non-economic damages in his negligence suit against Shipwire, Inc. d/b/a Ingram Micro Commerce and Fulfillment Solutions, Ingram Micro Inc. (collectively, "Ingram Micro"), and F&E Transport LLC ("F&E") (Ingram Micro and F&E collectively, "Defendants").[1]  On appeal,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Judgment was entered after this Court directed Plaintiff to *praecipe* the trial court prothonotary to enter judgment.  Although Plaintiff prematurely appealed the order denying post-trial motions, we treat the appeal as filed from the after-entered judgment pursuant to Pa.R.A.P. 905(a)(5).

Plaintiff challenges the court's denial of his post-trial request for a new trial on punitive damages.  We affirm.

Plaintiff was seriously injured when unloading from an F&E trailer pallets of Peloton weights that had been improperly stacked on top of each other by Ingram Micro.  The trial court provided the following background:

> On November 28, 2023, Plaintiff. . . filed a complaint against . . . [Defendants], alleging that . . . Defendants were negligent in the handling of weights that were stacked on top of one another which fell on top of Plaintiff causing injuries.  [Ingram Micro did not contest that it acted negligently in double-stacking the weights.  Rather, its defense at trial was that it did not act recklessly.  O]n April 8, 2024, this matter was held before Judge Vincent L. Johnson for a jury trial.  On April 25, 2024, the jury found that . . . F&E . . . was not negligent.  However, the jury found that . . . Ingram Micro . . . was 80% negligent and [its] negligence was a factual cause of Plaintiff's harm.  Moreover, the jury found that Plaintiff was 20% negligent and was a factual cause in his own harm.  [T]he jury found Plaintiff was owed $5,071,974.09 in economic damages and $1,000,000.00 in non-economic damages.  Furthermore, the jury found that . . . Ingram [Micro]'s actions were not malicious, wanton, willful, or oppressive, [n]or showed reckless indifference to the interest of others.  Based on the jury's finding of lack of recklessness against . . . Ingram Micro, Plaintiff filed a post-trial motion mainly arguing that defense counsel's comments made during closing arguments were improper because his comments gave the jury an idea that their jury service, which was already prolonged, would be longer; consequently, the jury finding that Ingram Micro was not reckless was against the weight of the evidence.  [D]efendants filed answers denying Plaintiff's claims.  After hearing all arguments from counsels during a September 10, 2024, post-trial motion hearing, on September 16, 2024, the court denied Plaintiff's motion for a new trial but granted Plaintiff's request for delay damages in the amount of $689,047.62.

Trial Court Opinion, 3/28/25, at 1-2 (cleaned up).

This appeal followed. Plaintiff complied with the trial court's order to file a concise statement pursuant to Pa.R.A.P. 1925(b), and the court authored a responsive opinion.[2] In this Court, Plaintiff presents the following issues for our consideration:

1. Whether the trial court erred as a matter of law or otherwise abused its discretion in denying Plaintiff's motion for a new trial on the issue of Ingram Micro's recklessness and punitive damages based on that court's conclusion that Ingram Micro's counsel's improper remarks during closing argument did not prejudice the jury and taint the jury's deliberations on the issue of Ingram Micro's recklessness?

2. Whether the trial court erred as a matter of law or otherwise abused its discretion in denying Plaintiff's motion for a new trial on the issue of Ingram Micro's recklessness and punitive damages based on that court's conclusion that the jury's verdict on the issue of Ingram Micro's recklessness was not against the weight of the evidence?

Plaintiff's brief at 6.[3]

_____

[2] We remind the trial court that it must provide in its Rule 1925(b) order "the address to which the appellant can mail the Statement." Pa.R.A.P. 1925(b)(3)(iii).

[3] Plaintiff raised a third issue in his statement of questions:

Whether the trial court erred as a matter of law or otherwise abused its discretion in denying Plaintiff's motion for a new trial on the issue of Ingram Micro's recklessness and punitive damages based on that court's conclusion that Plaintiff's "inviolate" constitutional right to a trial before a fair, impartial, and not incentivized jury was not violated?

Plaintiff's brief at 6-7. However, the argument section of his brief does not address or in any way develop this issue. "It is well settled in this Commonwealth that where an appellate brief fails to provide any discussion
*(Footnote Continued Next Page)*

This Court recently summarized the law governing challenges to counsel's improper remarks, and the court's discretion in denying a motion for a new trial based thereon, as follows:

> So long as no liberties are taken with the evidence, a lawyer is free to draw such inferences as he wishes from the testimony and to present his case in the light most suited to advance his cause and win a verdict in the jury box. Despite this latitude, counsel is precluded from discussing facts not in evidence which are prejudicial to the opposing party.
>
> . . . .
>
> The prejudicial remarks of counsel during argument may typically be addressed within the broad powers and discretion of the trial judge and his actions will not be disturbed on appeal unless there is an obvious abuse of discretion. It is the duty of the trial judge to take affirmative steps to attempt to cure the harm, once an offensive remark has been objected to.
>
> Courts presume that the jury will follow cautionary instructions, and [an] appellant's failure to object to the instruction may indicate his satisfaction with the instruction. However, there are certain instances where the comments of counsel are so offensive or egregious that no curative instruction can adequately obliterate the taint.
>
> A new trial may therefore be appropriate where . . . the unavoidable effect of counsel's conduct or language was to prejudice the factfinder to the extent that the factfinder was rendered incapable of fairly weighing the evidence and entering an objective verdict. **If counsel's misconduct contributed to the verdict, it will be deemed prejudicial and a new trial will be required**.

---

of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." ***Heffelfinger v. Shen***, 342 A.3d 711, 721 (Pa.Super. 2025) (cleaned up). Thus, we will not analyze this issue.

*Lewis v. Reading Hosp.*, 345 A.3d 257, 271–72 (Pa.Super. 2025) (cleaned up, emphasis in original).

On April 24, 2024, at the conclusion of a three-week trial, the parties presented closing argument to the jury. Plaintiff closed first, followed by Thoedore M. Schaer, Esquire, for Ingram Micro, whose argument occurred before and after the lunch break. During the afternoon portion, Attorney Schaer made the following statements regarding the question of whether Ingram Micro acted recklessly so as to support an award of punitive damages:

> Reckless. The inflammatory nature of the plaintiff's case is all about recklessness. Why? Because they want you to go back to the court -- back to the jury room, reach a decision on compensatory damages and they want you to answer yes to recklessness, so after you come back here and give an award on compensatory damages, that they can send you back in to deliberations to deliberate further damages.
>
> And I would argue, ladies and gentlemen, this is not a case of recklessness. This is not a case of anything more than negligence.

N.T. Trial, 4/24/24 (P.M.), at 25. Thereafter, Ingram Micro completed its closing and F&E conducted its own.

When it was time for Plaintiff's rebuttal, Plaintiff asked for a side bar. We reproduce the relevant part of the ensuing discussion hereunder:

> [Plaintiff's counsel]: So, Your Honor, it was my hope to close today, finish today, and give the jury the case today.
>
> Mr. Schaer made a comment in his closing argument, which makes that impossible. Specifically, Your Honor, when Mr. Schaer said to the jury, if you find recklessness,

|                        | you're going to have to come back in and deliberate - - |
|------------------------|--------------------------------------------------------|
| The Court:             | I heard that. |
| [Plaintiff's counsel]: | - - further and that is why, Your Honor, let's call it what it is, that was a, it's 4:00, if you want to get out of here today, you better answer no to question nine and the only - - the only appropriate thing, in our view, to do based upon that is to dismiss them now, finish tomorrow, let them deliberate tomorrow. Otherwise, they are stuck with a 4:15 in the afternoon incentive that says, you want to go home and not come back because Mr. Schaer just told them, the only way to not come back tomorrow is to find for – |
| [Attorney] Schaer:     | That's not what I said. As a matter of fact, there's nothing preventing you, excuse me, there's nothing preventing you from finishing your rebuttal and then bringing them back tomorrow and let them deliberate. |
| The Court:             | Yes. I don't understand. I mean, let me just say this, I heard Mr. Schaer, what he said, all right, they don't know that there's a part two. |
| [Plaintiff's counsel]: | He told them – - |
| The Court:             | Stop. |
| [Plaintiff's counsel]: | I'm sorry. |
| The Court:             | They don't know there's a part two. I don't think they're that sophisticated. I don't think they're lawyers, as we all are, to pick up on what Mr. Schaer said. What he said, he shouldn't have said it, but he said it. But I do not believe that they're sharp enough |

- 6 -

|  | to know and that there's been no real harm done. |
|---|---|
|  | I feel that you can finish up your rebuttal. I will then charge them with their duty and they can go decide this case tomorrow. |
| [Plaintiff's counsel]: | Meaning, they will not begin deliberations today - - |
| The Court: | No. Look, look, man. I've been doing this too long. Do you think I'm going to let them begin deliberations today? . . . |
|  | . . . . |
|  | Why do you think I said we're cutting off at 4:30? |
| [Plaintiff's counsel]: | I did not realize that Your Honor was definitely sending them home today. My concern was that they were going to start - - |
|  | . . . . |
| The Court: | They're going home today. |
| [Plaintiff's counsel]: | Okay. |
| The Court: | You're going to do your job. You're going to do your rebuttal. They're going to go home. I'm going to charge them in the morning with their duty and they will take this case and make a decision. |
| [Plaintiff's counsel]: | Okay. |
|  | . . . . |
|  | And, Your Honor, to put a pin on what Mr. Schaer said back in further deliberation and I believe that it is appropriate for me, in rebuttal, to - - |

| | |
|---|---|
| The Court: | No, no. You're not going to bring anything up. What do you plan on bringing up that he – - |
| [Plaintiff's counsel]: | That it'll take [thirty] seconds if they have to come back in for anything and it's one piece of evidence. |
| The Court: | No. What they need to do is this, I got a little segue thing that I say and they're coming back early enough tomorrow to make their decision, when they come back, if they come back and say there's punitive damages there, I'm going to say, hey, guys, you have something more to do. |
| | You know, I'm not going to let the cat out of the bag before then. Again, they're not lawyers. They don't know what the heck is going on except what you guys tell them they got to make a decision on now. |
| | Are there any complaints or any other problems? Are we all in agreement? |
| [Attorney] Schaer: | Yes, sir. |
| [Plaintiff's counsel]: | That was [P]laintiff's objection. |
| The Court: | All right. |
| | Let's go. |

*Id*. at 41-46.

Our review reveals that Plaintiff's concern was not the prejudicial impact of the statement generally. Rather, he specifically lamented that if the jurors were to receive the case for deliberations late that day, Ingram Micro's statement would incentivize them to decide the matter quickly or find no recklessness so as not to have to return the next day. *Id*. at 41-42. Indeed,

it was not until Plaintiff's post-trial motion for relief that he sought a new trial based upon Ingram Micro's statement about additional recklessness deliberations. As explained by the court during the side bar, it would not be sending the jury to deliberations that afternoon, so it deemed any worry in that regard unwarranted. *Id*. at 43-44.

Critically, "unless a party has raised a specific objection and moved for mistrial at trial, then any right to a new trial is waived." *Farese v. Robinson* 222 A.3d 1173, 1184 (Pa.Super. 2019) (cleaned up). Assuming the above interaction operated as a specific and contemporaneous objection to the statement itself and not just a complaint about its timing, Plaintiff "never clearly requested a mistrial. Thus, any request by [Plaintiff] for a new trial predicated upon [Ingram Micro's] counsel's closing argument has been waived." *Id*. (cleaned up).

Even if not waived, our review bears out that the trial court did not abuse its discretion in denying Plaintiff's motion for a new trial. In his supplemental brief, Plaintiff contends that our decision in *Lewis* "should control the outcome of this appeal and require[s] this case to be remanded for a new trial on punitive damages." Plaintiff's supplemental brief at 1. Ingram Micro, meanwhile, posits that "*Lewis* is inapposite" and requires no such disposition. *See* Ingram Micro's supplemental brief at 4.

The *Lewis* Court was confronted with an appeal by the defendants following a plaintiff's verdict in a medical malpractice action concerning

injuries sustained after surgery. Prior to trial, competing experts opined about whether the choice not to administer a certain medication post-surgery breached the treating doctor's standard of care and was partially responsible for the subsequent amputation of the plaintiff's foot. The trial court granted the plaintiff's motion *in limine* to preclude the testimony of the defendants' expert.

At trial, the plaintiff's opening statement suggested that the defendants did not have an "expert on vascular surgery because they could not find one who thought that [the doctor] had abided by the applicable standard of care[.]" **Lewis**, 345 A.3d at 264-65. The defendants objected and asked for either a mistrial or curative instruction. The court chastised the plaintiff's attorney, denied the motion for a mistrial, and provided a cautionary instruction to the jury that the arguments of counsel are not evidence, but did not explicitly label the statement as false. Later, the court denied the defendants' motion for a new trial based upon the impropriety of the plaintiff's statement about their lack of an expert.

The defendants argued on appeal, *inter alia*, "that the trial court erred in denying a new trial to remedy a comment by [the plaintiff's] counsel in the opening statement that [the defendants] did not, or more accurately, **could not**, produce a favorable expert witness on the subject of causation." **Id**. at 271 (emphasis in original). In addition to the above-cited principles governing review of such a claim, we relied upon the maxim that "[a] party who succeeds

in excluding evidence on legal grounds may not mislead the jury by telling it that such evidence never existed in the first place." *Id*. (cleaned up).

Ultimately, we found that the defendants in *Lewis* were entitled to relief, explaining thusly:

> Despite knowing that [the defendants] in fact had retained an expert, [the plaintiff's] counsel inexcusably took advantage of the order excluding the expert's opinion to suggest a highly prejudicial falsehood to the jury. In the opening statement, counsel falsely represented that there was not a single vascular surgeon in the country who was willing to opine in favor of [the defendants]. This misrepresentation tainted the trial at its inception, as it conveyed to the jury that [the defendants'] case was baseless and fatally flawed based on a premise that was objectively untrue.
>
> The jury could easily have attributed undue weight to counsel's comment from the outset before it heard any trial evidence. This was especially so where the comment pertained to expert testimony. Courts have long recognized that expert testimony regarding factual issues of causation will often prove critical in medical malpractice actions because such matters are typically far beyond a layperson's understanding. Indeed, in cases where the plaintiff has alleged a breach of the standard of medical care, an expert's opinion is required, as the absence of such testimony would leave the jury with no basis other than conjecture, surmise or speculation upon which to consider causation.
>
> Counsel's suggestion that [the defendants] could not find a single expert to rebut the opinion of their own expert most assuredly could have handicapped [the defendants'] ability to defend against [the plaintiff's] claims. The jury may indeed have been persuaded that every potential expert on vascular surgery in the country would opine in [the plaintiff's] favor, and not [the defendants']. Accordingly, . . . the prejudice of counsel's remark in this case was too great to be remedied by an instruction.
>
> Moreover, while the trial court correctly attempted to mitigate the prejudice of counsel's remark by telling the jury that statements by counsel are not evidence, we do not find that the generic nature of that cautionary instruction adequately compensated for the falsehood related by counsel. To attempt to adequately mitigate

counsel's remarks, the trial court needed to help the jury appreciate, at a minimum, that the statement was false. The trial court did not do so, and regardless, since an instruction could not have cured the prejudice of counsel's improper remark, the trial court abused its discretion in denying [the defendants'] motion for a mistrial.

*Id*. at 273–74 (cleaned up).

We agree with Ingram Micro that **Lewis** does not mandate reversal here. Unlike in **Lewis**, where the improper remark was made in an opening statement and consequently permeated the jury's very intake of all evidence in the trial, Ingram Micro's comment about additional deliberations occurred after the jury had already heard all the evidence, untainted.

More importantly, we do not find the severity of the offending comment in the matter *sub judice* to rise to the same level as that in **Lewis**. Although the trial court here concluded that Ingram Micro should not have discussed the potential of additional deliberations, it was a single statement buried in a very lengthy closing argument, did not take advantage of an evidentiary ruling adverse to Plaintiff, and failed to convey to the jurors that extensive additional deliberations would be required if they found recklessness.

The trial court heard the statement, and after assessing the jury's reaction, determined that the passing remark was not prejudicial:

[Ingram Micro]'s words did not prejudice Plaintiff, did not taint the jury, did not impend on his right to a fair jury trial, and did not incentivize the jury to rush through the deliberating process because it is clear that the jury had the full day of April 25, 2024[,] to deliberate and asked questions during the deliberation on what is considered reckless conduct. Thus, when reviewing defense counsel's closing in its entirety and the following actions taken by

- 12 -

the jury, the defense counsel's statements did not prejudice Plaintiff nor were the statements inflammatory.

Trial Court Opinion, 3/28/25, at 20 (capitalization altered). Viewed in context, we conclude that the court's perception of the jury's reaction justified the denial of Plaintiff's rebuttal request, and the fact that the jury did not rush through deliberations confirms the lack of prejudice. Therefore, even if the request for a new trial is not waived, Plaintiff would not be entitled to relief on this claim.

In his second issue, Plaintiff argues that the jury's finding that Ingram Micro was not reckless is against the weight of the evidence. **See** Plaintiff's brief at 48-49. We consider this claim mindful of the following:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. An appellate court may not overturn the trial court's decision unless the trial court palpably abused its discretion in ruling on the weight claim. Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is so contrary to the evidence as to shock one's sense of justice.
>
> A trial court's determination that a verdict was not against the interest of justice is one of the least assailable reasons for denying a new trial. A verdict is against the weight of the evidence where certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.

**Heffelfinger v. Shen**, 342 A.3d 711, 725 (Pa.Super. 2025) (cleaned up).

We have defined an abuse of discretion as "not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied,

or the judgment exercised is manifestly unreasonable, or the judgment is the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused." ***Adkins v. Johnson & Johnson***, 231 A.3d 960, 964 (Pa.Super. 2020) (cleaned up). Further, it "may not be found merely because the appellate court might have reached a different conclusion, but requires a showing of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous." ***Id***. at 964-65 (cleaned up).

As is relevant here, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his or her reckless indifference to the rights of others." ***Id***. at 724 (cleaned up). We have elaborated:

> Reckless indifference to the interests of others, or as it is sometimes referred to, wanton misconduct, means that the actor has intentionally done an act of an unreasonable character, in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as to make it highly probable that harm would follow.

***Dubose v. Quinlan***, 125 A.3d 1231, 1240 (Pa.Super. 2015), *aff'd on other grounds*, 173 A.3d 634 (Pa. 2017) (cleaned up).

The trial court explained its rejection of Plaintiff's weight claim within its Rule 1925(a) opinion in the following manner:

> Ingram Micro was responsible for loading the weights, [F&E] . . . was responsible for transporting the weights, and Peloton was responsible for unloading the weights. Thus, Ingram Micro has admitted that they should not have double stacked the heavy weights on top of one another, even after getting complaints

about double stacking weights, and accepted responsibility to that fact. However, it is clear to this court that through the evidence that was presented, this was the first accident that has occurred regarding fallen double-stacked weights injuring an individual with the parties involved. Furthermore, multiple individuals testified that accidents like Plaintiff's have not occurred after Plaintiff's injury due to double-stacked weights. Moreover, multiple individuals have testified that Ingram Micro has stopped double stacking weights in the trailers after Plaintiff's accident occurred. Additionally, multiple individuals testified that Ingram Micro had received double-stacked weights from Plaintiff's employer. Therefore, there is clearly no evidence that Ingram Micro acted outrageously nor acted with malicious, wanton, willful, or oppressive, nor showed reckless indifference to the interest of others in regard to double stacking weights on the trailer. It is clear that . . . Ingram Micro, is simply negligent and does not meet the necessary threshold for Plaintiff to receive punitive damages. Thus, through the evidence that was presented to the jury, they found that . . . Ingram Micro, was 80% negligent and their negligence was a factual cause of Plaintiff's harm. Moreover, the jury found that Plaintiff was 20% negligent and was a factual case in his own harm. . . . Furthermore, the jury, the fact finder in this matter, found that . . . Ingram [Micro]'s actions were not malicious, wanton, willful, or oppressive, nor showed reckless indifference to the interest of others.

Trial Court Opinion, 3/28/25, at 22-23 (cleaned up).

According to Plaintiff, "[t]he evidence in this case is on all fours with the definition of reckless conduct, and the jury's finding that Ingram Micro was not reckless simply cannot be squared with the overwhelming weight of the evidence." Plaintiff's brief at 51. He assails the court's conclusion because "the lack of prior injuries from Ingram Micro's dangerous behavior does not justify the jury's finding that Ingram Micro was not reckless in light of the overwhelming evidence to the contrary." *Id*. at 54.

Plaintiff identifies no abuse of discretion.  Rather, he wants us to reweigh the evidence and come to a different result, which we will not do.  ***See Adkins***, 231 A.3d at 964-65.  Our review confirms that the jury heard from multiple witnesses and determined that Ingram Micro, though negligent, did not act in a manner as to support punitive damages.  We can deduce no abuse of discretion in the trial court's conclusion that the jury's verdict in that regard did not shock its conscience.  Accordingly, we have no cause to remand for a new trial on damages.

Based on the foregoing, we affirm.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/23/2026</u>